[S. F. No. 4352. In Bank.—January 31, 1907.]

## DARBEE AND IMMEL OYSTER AND LAND COMPANY, Appellant, v. PACIFIC OYSTER COMPANY et al., Respondents.

PARTITION—RIGHT TO USE OF STATE LANDS FOR OYSTER-BEDS—CONSTRUCTION OF STATUTE—MERE PERSONAL LICENSE.—An action for partition cannot be maintained in respect of the rights conferred by the "act to encourage the planting and cultivation of oysters," approved March 20, 1874. There is no element of an estate of

inheritance or a perpetual estate conferred by that act; but it
grants a mere personal license, not inheritable or transferable,
which may be revoked by the state.

APPEAL from a judgment of the Superior Court of Ala-
meda County.  William H. Waste, Judge.

The facts are stated in the opinion of the court.

F. J. Russell, for Appellant.

Campbell, Metson & Campbell, Charles Tupper King, J. R.
Moulthrop, and Reed, Nusbaumer & Black, *Amici Curiæ,* for
Respondents.

McFARLAND, J.—Plaintiff, a corporation, brings this ac-
tion for a partition of certain premises which it avers to be
"real property," and avers that it has an "estate of inheri-
tance" therein.  A demurrer to the complaint was filed by
some of the defendants.  The demurrer was general and
special, and was sustained in the court below, and judgment
was rendered in favor of defendants.  From this judgment
plaintiff appeals.

The action is based on section 752 of the Code of Civil
Procedure.  That section is under the head of "Actions for the
partition of real property," and it provides that an action
for partition may be brought by one or more cotenants of
real property, in which one or more of them "have an estate
of inheritance, or for life or lives, or for years."  The court
below held that the complaint shows that neither plaintiff nor
any of the defendants had an estate of inheritance, or for life,
or for years, in any real property, and upon that ground sus-
tained the demurrer; and as we think that this conclusion was
right, we need not examine any other question raised in the
case.

In the complaint the alleged real property in which plain-
tiff is averred to have an estate of inheritance is described
as follows: "The right to the exclusive use and occupation
thereof for the purposes of laying down and planting oysters
and taking up and carrying off the same in and from said real
property, in accordance with and as provided by the terms of
an act of the legislature of the state of California, entitled

'An act to encourage the planting and cultivation of oys-
ters,' approved March 30, 1874." Those parts of said act
of March 30, 1874, (Stats. of 1873-4, p. 940,) which are ma-
terial here, are as follows: The title of the act is "An act
to encourage the planting and cultivation of oysters," and
the first section is as follows:—

"Any citizen of the United States may lay down and plant
oysters in any of the bays, rivers or public waters of this
State; and the ownership of and the exclusive right to take
up and carry off the same shall be continued and remain in
such person or persons who shall have laid down and planted
the same." The next sections, down to and including section
8, provide that the person desiring to use the right must de-
fine the limits of his claim by stakes, etc., must maintain
thereon a sign on which must be painted the words "Oyster
Beds," and must record a description of his bed or beds of
oysters in the county recorder's office. (In the case at bar
it does not appear that appellant complied with these pro-
visions; but we will not consider that matter.) It is further
provided that, after he has complied with these provisions,
any person who enters thereon and carries off oysters or re-
moves therefrom marks designating boundaries shall be guilty
of a misdemeanor. Section 9 is as follows:—

"This act shall not apply to any tide lands which the state
may have sold to private parties; *provided, further,* that noth-
ing herein shall be so construed as to interfere with the right
of the state to sell and dispose of any of the tide lands, nor to
affect in any manner the rights of purchasers at any sale of
tide lands by the state."

In the property described in the complaint there is no
element of an estate of inheritance, or, as described in section
761 of the Civil Code, a "perpetual" estate. The privilege
extended to all citizens by said act to temporarily use the
unsold tide lands belonging to the state, if it can be considered
as an estate at all in lands, is certainly of no higher dignity
than an estate at will. But, in our opinion, it is really
nothing more than a mere personal license. That was the
view taken of similar statutes by the highest court of Mary-
land, where the oyster business is a very large one. In *Phipps*
v. *State*, 22 Md. 380, [5 Am. Dec. 654], the court was dealing
with statutes like ours and it said: "It abundantly appears

from the nature of the privilege in dispute, as well as from the terms in which it was conferred, that no transfer of the state's title to lands covered by navigable water was contemplated. Permission to use given areas covered by navigable water for a particular purpose seems to be all that the legislature intended, and we think the language of its assent to that use should be construed, not as a grant binding the state, but as a conditional license, revocable at the pleasure of the legislature." Again, in *Hess* v. *Muir,* 65 Md. 586, [5 Atl. 540, 6 Atl. 673], Alvey, C. J., said: "These statutes, the better to promote the growth and to increase the supply of oysters in the waters of the state, provide that any of the citizens of the state may locate one lot, and only one, of five acres, in any unappropriated ground covered by the tide, and plant the same with oysters, and thereupon he is given exclusive control thereof. This, however, is not a grant of an indefeasible right or estate in the lot thus authorized to be located and planted with oysters. It is simply a conditional or qualified license or franchise, revocable at the will and pleasure of the state. (*Phipps* v. *State,* 22 Md. 380, [5 Am. Dec. 654].) It is neither inheritable nor transferable, but is purely a personal privilege in the party locating the lot."

The judgment appealed from is affirmed.

Angellotti, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.